No. 659 December 13, 2023 549

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMUEL DEAN FERGUSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
20CR39010; A177141

Amanda R. Benjamin, Judge.

Submitted May 25, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Alex Jones, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant was convicted by a jury of first-degree burglary, ORS 164.225, and aggravated first-degree theft, ORS 164.057, for breaking into the victim's home and removing a safe containing cash and valuables. On appeal, defendant assigns error to the trial court's denial of his motions for a judgment of acquittal (MJOA) on both counts, arguing that the state failed to adduce sufficient evidence that he participated in the crimes. We conclude that the trial court did not err in denying defendant's MJOAs and affirm.

On review of the denial of an MJOA, we consider the evidence "in the light most favorable to the state to determine whether any rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt." *State v. Bivins*, 191 Or App 460, 462, 83 P3d 379 (2004). The state may rely on circumstantial evidence, and the jury may make inferences that logically follow from that evidence. *Id.* at 466. An inference does not need to inevitably follow from the facts, and if the facts support multiple reasonable inferences, the jury decides which inference to draw. *Id.* at 467. Whether circumstantial evidence is sufficient to support a particular inference is a legal question that we decide. *Id.*

A person commits first-degree burglary if the person enters or remains unlawfully in a dwelling with an intent to commit a crime therein. ORS 164.225. A person commits aggravated first-degree theft if the person takes, with intent to deprive the owner of, property worth $10,000 or more. ORS 164.057. Defendant argues that the evidence was insufficient to show that he participated in the crime or, at a minimum, that he entered the victim's home, as required for burglary.

The evidence at trial established the following. Defendant knew that the victim would be absent during the two-hour window during which the safe was stolen, and witnesses testified that defendant was aware of the safe and its valuable contents. An expert testified that DNA located in a glove left at the scene during the burglary was approximately

807 quintillion times more likely to have come from defendant and two unknown, unrelated individuals than from three unknown, unrelated individuals. Although defendant argued that the DNA could have come from a close family member, a witness testified that he had seen the glove in defendant's possession just prior to the burglary. In the past, defendant had performed work for the victim that required wearing gloves, however he had not worked at the location for several weeks prior to the burglary due to an argument based on defendant's belief that the victim owed him money. Defendant spent many thousands of dollars in cash immediately following the burglary. Contrary to defendant's assertion on appeal, witnesses did not describe him buying or selling cars prior to the burglary, nor was there evidence that he had begun working a new job.

Under our standard of review, a rational jury could reasonably infer from the facts and circumstantial evidence that defendant participated in the crimes and entered the victim's house while doing so, and the trial court did not err when it denied defendant's MJOAs.

Affirmed.